101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Tyheem Y. ALLAH, also known as Tyheem Mills, Plaintiff-Appellant,
v.
Walter FOGG, Superintendent, and Herbert McLaughlin, Deputy
Superintendent, Defendants-Appellees.
 No. 95-2662.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for Appellant: Tyheem Y. Allah, pro se, Attica, New York.
 Appearing for Appellees: Nancy A. Spiegel, Assistant Attorney General, Albany, New York.
 N.D.N.Y.
 AFFIRMED.
 Appeal from the United States District Court for the Northern District of New York (McCurn, Judge).
 Present: HONORABLE ELLSWORTH A. VAN GRAAFEILAND, HONORABLE THOMAS J. MESKILL, HONORABLE RALPH K. WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Tyheem Y. Allah, pro se and incarcerated, appeals from Judge McCurn's order granting summary judgment for the defendants and dismissing his complaint filed pursuant to 42 U.S.C. § 1983. Allah's claims arise from a January 25, 1991 disciplinary hearing at which Allah was assigned to punitive segregation in the Attica Correctional Facility's Special Housing Unit. This hearing concerned Allah's refusal to obey a correctional officer's order and his pushing or shoving the officer during a subsequent altercation between Allah and another prisoner.
 
 
 4
 We assume, without deciding, that Allah's assignment to disciplinary confinement for a period of 120 days was such an "atypical and unusual" deprivation of liberty as to give him a protected liberty interest sufficient to sustain his claims. See Sandin v. Conner, 115 S.Ct. 2293 (1995). We nevertheless believe that the district court properly granted summary judgment for substantially the reasons stated in its Order dated August 28, 1995. To the extent that the district court's opinion does not expressly address the disciplinary charge for refusal to obey an order, we note that the record contains ample evidence to uphold Allah's disciplinary segregation on this charge.
 
 
 5
 We therefore affirm.